# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CHEVALIER BARNES**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 7124 |
| | ) | |
| **THOMAS DART**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Chevalier Barnes ("Barnes") has used the Clerk's-Office-supplied form of Complaint

Under the Civil Rights Act, Title 42 Section 1983 to proceed against Cook County Sheriff

Thomas Dart, John Raba (identified as the Director of Cermak Health and Hospital Services of

Cook County) and two "Doe" defendants identified as members of the intake staff at Cermak

Health, charging that Barnes' constitutional rights were violated by the defendants' claimed

deliberate indifference to his request for methadon when he was moved to the Cook County

Department of Corrections ("County Jail").  Barnes has accompanied his self-prepared

Complaint with two other Clerk's-Office-supplied forms:  an In Forma Pauperis Application

("Application") and a Motion for Appointment of Counsel ("Motion").  This sua sponte

memorandum order addresses several problems with Barnes' submissions, beginning (as our

Court of Appeals has mandated) with the Application and the requirements of 28 U.S.C. § 1915

("Section 1915").

In the latter respect the Application clearly confirms Barnes' inability to pay the required

filing fee in advance, so that Section 1915(b)(1) requires him "to pay the full amount of a filing

fee" on an installment plan.  In that respect Barnes has totally ignored the express directive in the

Application's emphasized "NOTICE TO PRISONERS," immediately below the form's signature

line, that the Application must be accompanied by a certified copy of his trust fund account

statement for the six-month period immediately preceding the filing of his Complaint (a notice

that echoes the Congressional command to the identical effect in Section 1915(a)(2)).  That

being the case, Barnes is ordered to obtain and file with this District Court forthwith a photocopy

of his trust fund account statement at the County Jail for the period beginning January 1, 2016

and ending July 6, 2016.  This Court will then be able to calculate, and to issue an appropriate

memorandum order dealing with, the requirements of Section 1915(b)(1) and (2).

To turn to the substantive aspect of Barnes' Complaint, its attachment of a photocopy of

the grievance form that Barnes submitted at the County Jail has confirmed beyond dispute his

failure to satisfy the statutory precondition to filing this lawsuit, as decreed by Congress in

42 U.S.C. § 1997e (a):

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available are
> exhausted.

Although Barnes initially filed a grievance form, and although the text of the response by the

person handling the referral of that grievance is impossible to read,[1] what is clear is that Barnes

received that response on either June 26 or June 29 (again the uncertainty in that regard is a

product of the poor quality of the photocopy).  But either way the next section of the form, which

---

[1]  That problem is inherent in the way grievances are handled at the County Jail.
Those grievance forms, filled out with handwritten information provided by the complaining
prisoner and by the response by a staff person at the County Jail, are in a multi-layered form, and
the copy of that form given back to the prisoner is invariably unreadable when photocopied.

is the place for the "inmate's request for an appeal," has been stricken out rather than being filled

out. Instead of pursuing that administrative remedy, Barnes simply signed both the Complaint

and the Application on June 29 and sent it to this District Court.

As the grievance form specifies:

> To exhaust administrative remedies, appeals must be made within 14 days of the
> date the inmate received the response.

Whether that the earlier-referred-to date of Barnes' receipt of the response to his grievance was

June 26 or June 29, Barnes has unquestionably failed to satisfy the statutory precondition to suit.

Accordingly:

1. Both the Complaint and this action are dismissed.

2. Such dismissal does not affect Barnes' obligation, as set out at the outset

   of this memorandum order, to provide the required Section 1915

   information so that this Court can make the necessary determination and

   order his payment of the filing fee in future installments.

3. Barnes' Motion is denied as moot (which is just as well, considering that

   he did not provide the information expressly called for by Paragraph 2 of

   the Motion regarding any efforts he has made on his own to obtain counsel

   to represent him).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 14, 2016